UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>JUSTIN MORALES,<br><br>Defendant. | 24 Cr. 84 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

Trial in this case is scheduled to start on Monday, July 22, 2024. Defendant Justin Morales moves, under Federal Rule of Criminal Procedure 12(b)(3)(B)(iii), to dismiss the one-count Indictment, which charges him with knowingly possessing ammunition after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). Dkt. 24 ("Morales Br.") at 8–12. He argues that the Indictment lacks the required specificity. The Indictment alleges that he possessed a "9mm Luger cartridge case." Such a shell casing, Morales contends, is not itself ammunition. Thus, he argues, the Indictment does not put him on notice of the actual charge against him. *Id.* at 10–12.

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (quoting *Hamling v.*

*United States*, 418 U.S. 87, 117 (1974)). To fit these requirements, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992). Further, an indictment "must be read to include facts which are necessarily implied by the specific allegations made." *United States v. Silverman*, 430 F.2d 106, 111 (2d Cir. 1970)).

The Indictment in this case clears this bar. It charges that, "[o]n or about April 16, 2023," Morales, "knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed ammunition, to wit, a 9mm Luger cartridge case, and the ammunition was in and affecting commerce." Dkt. 6. This recitation tracks the language of § 922(g)(1). It also states the time and place of the alleged offense. Morales was thus put on notice of the charge against which he must defend.

The Indictment's reference to the 9mm Luger cartridge case does not give rise to a violation of Rule 12(b)(3)(B)(iii). The Government in its opposition brief to the instant motion has clarified what was already "necessarily implied" by the facts alleged in the Indictment: that the theory of the Indictment is that Morales illegally possessed the ammunition that was expelled (*i.e.*, shot) "on or about April 16, 2023," *i.e.*, a 9mm Lugar cartridge. The spent shell casing that was recovered on the scene after the gun was fired was a part of the 9mm Lugar cartridge. Dkt. 32 at 11. Supplied with that particular, Morales cannot claim to lack notice of the ammunition underlying the Grand Jury's charge: the 9 mm Lugar cartridge. *Cf., e.g., United States v. Walsh*, 194 F.3d 37, 45 (2d Cir. 1999) ("While a bill of particulars or discovery cannot save a defective indictment, where the indictment has been found even minimally sufficient, a court may look to the record as a whole in determining whether the defendant is protected from double jeopardy in a subsequent prosecution and whether the defendant has had an adequate opportunity to prepare

his defense." (internal quotation marks and citations omitted)); *United States v. Raniere*, 384 F. Supp. 3d 282, 311 (E.D.N.Y. 2019) (additional context provided in complaint and discovery gave defendant sufficient notice to adequately defend against charges in indictment); *United States v. Upton*, 856 F. Supp. 727, 740–41 (E.D.N.Y. 1994) (Government's particularization helped provide sufficient notice to defendant to adequately prepare his defense; court denies motion to dismiss Indictment).

Morales, of course, will be free at trial to dispute, factually, whether this allegation has been established beyond a reasonable doubt. His brief foreshadows such a line of attack, noting the circumstantial nature of the Government's proof, including that "the [G]overnment does not have the gun[,]" the "NYPD did not recover any bullets, and no bullet fragments were removed by doctors when Mr. Valdez was taken to the hospital." Morales Br. at 9. These statements may prefigure an argument—on a Rule 29 motion and/or to the jury—that the evidence adduced does not prove beyond a reasonable doubt that Morales possessed the charged ammunition, or that the ammunition possessed satisfied the interstate or foreign commerce element of the statute, although the Court understands that the parties have entered into a stipulation of fact as to the latter point. But such arguments must await trial.

On the question at hand, the Indictment charges conduct that is illegal under § 922(g)(1) and gives Morales adequate notice of the charge against him. Accordingly, the Court denies Morales' motion to dismiss the Indictment under Rule 12(b)(3)(B)(iii).

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: July 8, 2024
New York, New York

3