UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

JUSTIN MORALES,

Defendant.

---

24 Cr. 84 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Trial in this case is scheduled to begin on Monday, July 22, 2024. The Indictment charges defendant Justin Morales with one count of knowingly possessing ammunition after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). The charge arises from a Bronx shooting that Morales is alleged to have committed on April 16, 2023, at approximately 2:53 p.m. Some six months earlier, Morales had finished serving a prison term imposed upon a 2018 felony conviction for attempted criminal possession of a weapon in the second degree, in violation of N.Y. Penal Law § 265.03(3).

Drawing on *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), Morales moves to dismiss the Indictment. He argues that § 922(g)(1) is facially unconstitutional under the Second Amendment. *See* Dkt. 24 ("Morales Br.") at 13.[1] The Court denies that motion.

---

[1] Morales alternatively argues that the statute is unconstitutional as applied to him. Morales Br. at 13. But, although preserving that argument, Morales does not develop it. That argument is not persuasive. To the extent an as-applied challenge could even be available in a case under § 922(g)(1), Morales' prior felony conviction—for attempted criminal possession of a weapon—is not the type that courts have suggested conceivably could support such a challenge, *e.g.*, a non-violent offense of a type often charged as a misdemeanor. *See Folajtar v. Att'y Gen.*, 980 F.3d 897, 902 (3d Cir. 2020).

1

In *Bruen*, the Supreme Court set out the test governing Second Amendment challenges to an Indictment. *Bruen*, 142 S. Ct. at 2127. A court considering such a challenge must first determine whether the Amendment's "plain text covers an individual's conduct." *Id.* at 2129–30. If so, "the Constitution presumptively protects that conduct," and "the government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130; *see also id.* at 2126 ("To justify its regulation, the government may not simply posit that the regulation promotes an important interest."). *Bruen* offered this guidance for this historical inquiry. "[W]hen a challenged regulation addresses a general societal problem that has persisted since the 18th century, the lack of a distinctly similar historical regulation addressing that problem is relevant evidence," although not necessarily dispositive, "that the challenged regulation is inconsistent with the Second Amendment." *Id.* at 2131. Likewise, if "earlier generations addressed th[at same] societal problem, but did so through materially different means," such also weighs against a modern regulation's constitutionality. *Id.* However, the Court emphasized, the inquiry into historical analogues required by *Bruen*'s second step is not a "regulatory straightjacket." *Id.* at 2133. It "requires only that the government identify a well-established and representative historical *analogue*, not a historical *twin*." *Id.*

Courts in this District have uniformly upheld § 922(g)(1) as constitutional under *Bruen*'s analytic framework. *See, e.g., United States v. King*, 634 F. Supp. 3d 76, 83 (S.D.N.Y. 2022) ("Section 922(g)(1) is constitutional."); *United States v. Abreu*, No. 23 CR. 67 (NSR), 2023 WL 6541302, at *3 (S.D.N.Y. Oct. 6, 2023) (denying motion to dismiss indictment because § 922(g)(1) remains constitutional after *Bruen*); *United States v. Davila*, 688 F. Supp. 3d 81, 84

2

(S.D.N.Y. 2023) ("[S]till-binding Second Circuit precedent has held § 922(g)(1) to be constitutional . . . even if 'the people' protected by the Second Amendment includes felons, § 922(g)(1) is a permissible regulation because 'history is replete with representative historical analogues[.]'"); *United States v. Hampton*, 676 F. Supp. 3d 283, 301 (S.D.N.Y. 2023) ("[B]inding Second Circuit precedent, which followed *Heller* and *McDonald*, holds that section 922(g)(1) is constitutional. *Bruen* did not disturb this precedent."); *United States v. Barnes*, No. 22 CR. 43 (JPO), 2023 WL 2268129, at *2 (S.D.N.Y. Feb. 28, 2023) ("[T]he Second Circuit has upheld § 922(g)(1) in light of *Heller* and *McDonald* . . . *Bruen* did not disturb either of those two precedents[.]"); *United States v. Garlick*, No. 22 CR. 540 (VEC), 2023 WL 2575664, at *5 (S.D.N.Y. Mar. 20, 2023) ("There is nothing in *Bruen* that suggests the Court saw that explication of the reach of the Second Amendment as disturbing the Supreme Court's dicta that 'longstanding prohibitions on the possession of firearms by felons' remain constitutional."); *United States v. Mitchell*, No. 23 CR. 198 (ALC), 2023 WL 8006344, at *9 (S.D.N.Y. Nov. 17, 2023) ("Because these historical regulations support applying restrictions on felons' possession of guns in the modern day, the Court upholds the constitutionality of § 922(g)(1)."); *United States v. Williams*, No. 23 CR. 218 (VSB), 2023 WL 8355891, at *5 (S.D.N.Y. Dec. 1, 2023) ("This historical record therefore demonstrates that legislatures historically disqualified categories of persons from possessing firearms, just as felon-dispossession statutes do today."); *United States v. Chisholm*, No. 23 CR. 200 (NSR), 2024 WL 196711, at *4 (S.D.N.Y. Jan. 18, 2024) ("Section 922(g)(1) is constitutional on its face, even in the wake of *Bruen*[.]"); *see also United States v. Rowson*, 652 F. Supp. 3d 436, 472 (S.D.N.Y. 2023) (Engelmayer, J.) (holding that 18 U.S.C. § 922(n), which prohibits persons under felony indictment—arguably a class of persons less likely to be perceived as dangerous than persons previously convicted—from

3

possessing a firearm or ammunition, was not facially unconstitutional under *Bruen*, and collecting cases upholding § 922(g)(1)). Appellate caselaw is in accord.[2] Substantially for the reasons given by these courts, the Court here upholds § 922(g)(1) as constitutional and rejects Morales's facial challenge.

The Supreme Court's decision last month in *United States v. Rahimi*, upholding 18 U.S.C. § 922(g)(8), does not alter this analysis. *See United States v. Rahimi*, No. 22-915

---

[2] The Second Circuit has not yet addressed the constitutionality of § 922(g)(1) in light of *Bruen*. However, it has upheld, in a non-precedential summary order, another subsection of the statute, § 922(g)(3), which prohibits unlawful users of controlled substances from possessing firearms or ammunition, stating that "the contention that [Section] 922(g)(3) is unconstitutional [post-*Bruen*] is not clear under current law." *United States v. Brillon*, No. 22 CR. 2956, 2024 WL 392949, at *1 (2d Cir. Feb. 2, 2024) (quoting *United States v. Stephenson*, No. 21 CR. 74, 2023 WL 3402310, at *1 (2d Cir. May 12, 2023)). Multiple cases are pending before the Second Circuit that challenge the constitutionality of § 922(g)(1); these appear to have been held pending the decision in *United States v. Rahimi*, discussed *post*. *See, e.g., United States v. Thawney*, No. 22-1399; *Zherka v. Garland*, No. 22-1108. Other Circuits have uniformly rejected facial Second Amendment challenges to § 922(g)(1). *See United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023), *cert granted, vacated, and remanded by Jackson v. United States*, No. 23-6170, 2024 WL 3259675 (U.S. July 2, 2024) ("Given [] assurances by the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)."); *Vincent v. Garland*, 80 F.4th 1197, 1201 (10th Cir. 2023), *cert granted, vacated, and remanded by Vincent v. Garland*, No. 23-683, 2024 WL 3259668 (U.S. July 2, 2024) ("Though *Bruen* created a new test for determining the scope of the Second Amendment, the Court didn't appear to question the constitutionality of longstanding prohibitions on possession of firearms by convicted felons. If anything, *Bruen* contains two potential signs of support for these prohibitions."); *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024) ("We require clearer instruction from the Supreme Court before we may reconsider the constitutionality of section 922(g)(1)."); *United States v. Canada*, 103 F.4th 257, 258 (4th Cir. 2024) ("Section 922(g)(1) is facially constitutional because it 'has a plainly legitimate sweep' and may constitutionally be applied in at least some 'set of circumstances.'"). Two Circuits, however, have sustained as-applied Second Amendment challenges to prosecutions under § 922(g)(1). *See Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 106 (3d Cir. 2023), *cert granted, vacated, and remanded by Garland v. Range*, No. 23-374, 2024 WL 3259661 (U.S. July 2, 2024) (finding § 922(g)(1) unconstitutional as applied to defendant whose prior felony conviction was making a false statement to receive food stamps); *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024) (finding § 922(g)(1) unconstitutional as applied to defendant with only non-violent prior convictions).

4

(U.S. June 21, 2024). At issue in *Rahimi* was whether § 922(g)(8), which prohibits the possession of firearms by persons subject to domestic-violence restraining orders, infringes the Second Amendment. An 8-1 majority of the Court upheld that statute. The majority's decision turned on the necessary existence in cases under § 922(g)(8) of an individualized finding that the defendant posed a threat to the physical safety of another. *Id.*, slip op. at 11. In that respect, the analysis in *Rahimi* does not speak to § 922(g)(1), which applies categorically to adjudicated felons who possess firearms. However, the majority's discussion of the long history of firearm regulations prohibiting dangerous persons from possessing arms aligns with the conclusion of the courts above: that § 922(g)(1), limited as it is to adjudicated felons, is consistent with the nation's historical tradition of firearm regulation. *Id.*, slip op. at 2–3 ("Taken together, the surety and going armed laws confirm what common sense suggests: When an individual poses a clear threat of physical violence to another, the threatening individual may be disarmed."); *see also id.*, slip op. at 4 ("In short, we have no trouble concluding that Section 922(g)(8) survives Rahimi's facial challenge. Our tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others.").

And the handful of courts to have addressed the constitutionality of § 922(g)(1) in the two and a half weeks since *Rahimi* issued have recognized that *Rahimi*, if anything, bolsters § 922(g)(1)'s constitutionality. *See, e.g., United States v. Jones*, No. 23 CR. 20275 (DML), 2024 WL 3297060, at *7–8 (E.D. Mich. July 2, 2024) (upholding § 922(g)(1) as constitutional and referencing *Rahimi* for principle that regulation of Second Amendment rights need not have "historical twin" to pass constitutional muster); *United States v. Elliott*, No. 21 CR. 88, 2024 WL 3161879, at *2 (E.D. La. June 24, 2024) ("The Supreme Court's decision in *Rahimi* further supports this Court's finding that 18 U.S.C. § 922(g)(1) . . . is constitutional."); *United States v.*

5

*Young*, No. 20 CR. 391 (RA), 2024 WL 3184709, at *4 (S.D.N.Y. June 25, 2024) (rejecting challenge to § 922(g)(1) in part by reference to *Rahimi*).[3]

The Court accordingly denies Morales's motion to dismiss the Indictment under the Second Amendment.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 8, 2024
 New York, New York

---

[3] Following its decision in *Rahimi*, the Supreme Court granted *certiorari*, vacated, and remanded numerous pending petitions, for reconsideration by the lower courts in light of *Rahimi*. *See, e.g.*, *Garland v. Range*, No. 23-374 (U.S. July 2, 2024) (granting, vacating, and remanding Third Circuit's decision finding § 922(g)(1) unconstitutional as applied).